BRADLEY (ADAMS v.). See Case No. 48.

## Case No. 1,773.

### BRADLEY v. BOLLES.

[1 Abb. Adm. 569.][1]

District Court, S. D. New York. Nov. Term, 1849.

MARITIME LIENS—REPAIRS AND SUPPLIES.

Work done upon a vessel in the dry dock, in scraping her bottom preparatory to coppering her, is not of a maritime character; and compensation for such labor cannot be recovered in a court of admiralty.

[Cited in Cunningham v. Hall, Case No. 3,-481; The Canada, 7 Fed. 122. Cited, but not followed, in The George T. Kemp, Case No. 5,341. Disapproved in The Vidal Sala, 12 Fed. 208, 211.]

Compare the cases of Cox v. Murray [Case No. 3,304]; Gurney v. Crockett [Id. 5,874.]

In admiralty. This was a libel in personam filed by John Bradley against one Bolles, master of the ship William B. Travis, to recover for work done in scraping and cleaning the hull of that vessel. It appeared that the respondent's vessel being in the dry dock for repairs, the libellant was employed by the respondent to scrape her bottom, clear it of barnacles, &c. This work was necessary to prepare the vessel to be coppered. The work having been done, the libellant brought this suit to recover the price agreed on therefor. The respondent objected that the court

[1] [Reported by Abbott Brothers.]

had no jurisdiction over such a demand. [Libel dismissed.]

Alanson Nash, for libellant.

W. R. Beebe, for respondent.

BETTS, District Judge. The services for which the libellant claims to recover in this suit, were not rendered in putting repairs upon the ship, or in doing any thing towards her betterment, which was to continue and run with her. Her bottom was to be scraped and cleared from mud and barnacles. This was shore work, requiring no mechanical skill, and is ordinarily performed by mere laborers, and has no more the character of a maritime service than sweeping or washing the bottom or deck of a vessel would have. Neither the marine law or state statute creates a lien upon a vessel for menial services of that character. The contract or service did not relate to repairs put upon the vessel, or any betterment attached to her and promoting her safety or navigation. Both were preliminary to the reparation intended to be put upon her. Removing impediments to that work by cleaning her bottom, was of the same class of service as taking out of the way any other kind of obstruction to the work, and contains no ingredient raising it in law above the quality of common work and labor. This court has repeatedly held, that contracts of that description do not constitute a lien upon vessels which can be enforced in admiralty. The Amstel [Case No. 339]; The Joseph Cunard [Id. 7,535]; The Harriet [Id. 6,097]. Libel dismissed.